IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, solely as successor in interest to NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY, formerly known as NORTHBROOK INSURANCE COMPANY, ) ) ) ) ) ) ) | CASE NO. 1:20 CV 606 |
| Plaintiff, ) ) | |
| v. ) ) ) | JUDGE DONALD C. NUGENT |
| CLIFFS MINING COMPANY, ) ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant. ) | |

This matter is before the Court on the Motion to Dismiss filed by Defendant, Cliffs Mining Company ("Cliffs"). (Docket #21.) Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and this Court's discretionary authority under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), Cliffs moves the Court to decline to exercise jurisdiction and dismiss the Complaint for Declaratory Judgment filed by Plaintiff, Allstate Insurance Company ("Allstate").

I.  **Factual and Procedural Background.**

The Parties in this case dispute whether certain insurance polices issued by Plaintiff, Allstate, provide coverage for clean-up of a contaminated industrial and commercial site in

Milwaukee, Wisconsin – commonly known as the Milwaukee Solvay Coke & Gas Company site ("the Site"). Many decades ago, Cliffs' predecessors, including Pickands Mather & Co., owned and operated the Site, upon which various industrial activities have occurred since the 1800s, resulting in the release of contaminants into the environment. Cliffs and others were identified by the United States Environmental Protection Agency as potentially responsible parties with respect to clean-up of the contamination identified at the Site. Several insurers provided coverage to Cliffs from 1968 through 1985, including Allstate, formerly known as Northbrook Insurance Company ("Northbrook").

On February 27, 2020, prior to Allstate's Declaratory Judgment Action in this Court, Cliffs filed suit in the Milwaukee County, Wisconsin Circuit Court against all of its insurers, including Allstate, seeking a declaration that the insurance policies issued by the defendant insurers provide coverage to pay for clean-up at the Site. The defendant insurers, who provided coverage to Cliffs from 1968 through 1985, include three primary insurers (Travelers Casualty and Surety Company; The Hartford Accident and Indemnity Company ("Hartford"); and, Old Republic Insurance Company) and 11 umbrella/excess carriers (SPARTA Insurance Company; Allstate; First State Insurance Company; TIG Insurance Company; Twin City Fire Insurance Company; Interstate Fire & Casualty Company; Columbia Casualty Company; Arrowood Indemnity Company; Federal Insurance Company; New England Insurance Company; and, National Union Fire Insurance Company of Pittsburgh, Pennsylvania). Allstate was served with the Summons and Complaint in the Wisconsin Action on March 23, 2020. All other defendant insurers have also been served.

On March 20, 2020, Allstate filed its Complaint for Declaratory Judgment in this Court against Cliffs, seeking a declaration of its rights and responsibilities under seven excess

insurance policies issued to Cliffs (Pickands Mather) by Allstate (Northbrook). On April 16, 2020, Cliffs filed its Motion to Dismiss, arguing that pursuant to *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), the Court should abstain from exercising jurisdiction and dismiss Allstate's Complaint for Declaratory Judgment. Cliffs argues that the lawsuit it filed in Wisconsin State Court against Allstate and 13 of Cliffs' other primary and excess insurers seeking a declaration of coverage was first-filed and presents the same State law issues, between the same parties, in a "far more encompassing fashion." Allstate filed its Response in Opposition on May 26, 2020 (Docket #26) and Allstate filed a Reply Brief on June 19, 2020 (Docket #29). Thus, the matter if fully briefed and ripe for review.

**II.    Discussion.**

District Courts glean their power to adjudicate declaratory judgment actions from the Declaratory Judgment Act, 28 U.S.C. § 2201(a). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). A District Court must exercise its discretion in determining whether to accept jurisdiction over complaints seeking a declaratory judgment pursuant to the Declaratory Judgment Act in insurance cases where the same issues are also addressed in parallel State court litigation. When the issues to be decided are State law issues, and there are pending State court proceedings raising those same issues, "a district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed." *Id.* at 283 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)(alteration in the original)(citations omitted). As stated by the United States Supreme Court in *Brillhart*:

-3-

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942).

The Sixth Circuit has identified five factors a district court should consider in determining whether to exercise jurisdiction:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (citations omitted). In addition, the Sixth Circuit has divided the fourth factor into three sub-factors:

> (1) [W]hether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 560 (6th Cir. 2008) (quoting *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 814-15 (6th Cir. 2004)).

The issue of whether any of Cliffs' insurers are obligated to provide coverage for Site clean-up is being squarely addressed in the Wisconsin Action, which was filed first. While the Parties dispute whether Allstate's filing in this Court constitutes "procedural fencing" or was an

attempt to gain some advantage by Allstate, that factor is not dispositive under the facts and circumstances of this case. As set forth above, Allstate is one of 14 insurers whose policies could potentially provide coverage for clean-up at the Site. The factual record in this case will span decades and, while this Court is capable of evaluating and analyzing issues regarding notice and coverage under the Cliffs/Allstate policies pursuant to the applicable State laws, the issues are more appropriately seated in the Wisconsin State Court, where all of the relevant facts can be discovered in a single action, and coverage and contribution issues can be comprehensively adjudicated between and among Cliffs and all insurers simultaneously. While a declaratory action in this Court might clarify the rights and obligations between Cliffs and Allstate, it would not fully settle the dispute and may result inconsistent factual findings, judgments and questions of *res judicata*. The resolution of the entire matter, as a whole, in the Wisconsin Action will serve the interests of judicial economy and efficiency and will avoid unnecessary confusion and complexity.

### III. Conclusion.

For the foregoing reasons, the Court declines to exercise jurisdiction over the Declaratory Judgment Action filed by Allstate. The Motion to Dismiss filed by Cliffs (Docket #21) is hereby GRANTED.

This case is hereby TERMINATED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATED: July 31, 2020